IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| KAREN A. CAPLAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. PJM 00-3446 |
| ) | (Magistrate Judge Day) |
| STEVEN A. GUTTENBERG, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION
## GRANTING DEFENDANTS' MOTION TO COMPEL

Before the Court are Defendants' Motion to Compel, or in the Alternative, to Dismiss Plaintiff's Claims for Lost Future Wages ("Defendants' Motion") (Docket Item No. 24) and the opposition ("Opposition") and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby GRANTS Defendants' Motion.

### I. Background

On January 4, 2002, Defendants filed a Motion seeking to compel Plaintiff to produce information regarding her current employment with Securities Investor Protection Corporation ("SIPC"). Defendants allege that they need the information because Plaintiff claims she will seek damages for future losses for "reimbursement for time taken off work for doctor's visits associated with injury" in the amount of $30,000.00. On January 22, 2002, Plaintiff filed her Opposition, arguing that she "specifically disavowed any claim for lost wages with respect to her present employer, SIPC," and that "[t]he issue here with respect to lost future wages is whether . . . a fact finder may reasonably conclude that Ms. Caplan's chances of obtaining employment in

private practice have been diminished or destroyed as a result of her disfigurement." Plaintiff concluded that "[n]o information which defendants could obtain from SIPC would cast any light on this issue."

## II. Future Damages

Defendants' Interrogatory No. 6 stated, "Itemize each and every claim for damages being made, and . . . the amount being claimed." Plaintiff's answer to Interrogatory No. 6 separated the damages into two parts: "Costs incurred to-date," and "Estimated Costs in future." Under "Estimated Costs in future," Plaintiff listed a claim for "Reimbursement for time taken off work for doctors visits associated with injury" of $30,000. That is the only "Estimated Costs in future" that has any relationship to current or future employment income.[1] Plaintiff never specifically addresses that cost item in her Opposition. Rather, Plaintiff argues that part of her claim is "a claim for lost future wages and lost past wages" and that her "theory with respect to lost future earnings is that because of her disfigurement by defendants she will not be able to obtain private sector employment and that as a result she will experience an economic loss."

Plaintiff has specifically disavowed any claim based on lost earnings while remaining at SIPC. She argues that, for the alleged difficulty in obtaining future employment, "[n]o information which defendants could obtain from SIPC would cast any light on this issue." The Court finds this conclusory argument unpersuasive. Certainly, information such as Plaintiff's salary, bonuses, title, grade level, and benefits could be useful in predicting Plaintiff's future earnings. Without such information, there would be no base from which projections could be made. Additionally, the Court agrees with Defendants' statement that Plaintiff's performance

---

[1] The other "Estimated Costs in future" are: "Future medical care," "Make-ups required to cover scarring," "Marital counseling associated with injury," "Private psychological counseling associated with injury," "Out-of-pocket expense for prescribed medications," "Emotional and psychological injury," and "Pain and suffering."

"certainly can have a bearing on her ability to move into private practice"; the Court extends that to note that Plaintiff's performance is a factor in the income she could be expected to make in the private sector. At a minimum, the requested information appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### III. Conclusion

Because Plaintiff either intends to bring a $30,000.00 claim for "reimbursement for time taken off work for doctor's visits associated with injury," or intends to bring additional claims related to her difficulty in obtaining future employment, Plaintiff must provide information that will allow a fact-finder to predict future earnings. Thus, Plaintiff shall produce her SIPC employment files–limited to information concerning her income, benefits, and performance.

_____
Charles B. Day
United States Magistrate Judge

February 21, 2002

CBD/mgs

Copies to:

The Honorable Peter J. Messitte

Richard I. Chaifetz, Esq.
9650 Santiago Road
Suite 8
Columbia, MD 21045

Stuart N. Herschfeld, Esq.
Brault, Graham, Scott & Brault
101 S. Washington Street
Rockville, Maryland 20850